IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CTGW, LLC,                                                                    OPINION and ORDER

                    Plaintiff,                                                          09-cv-667-bbc

     v.

GSBS, PC, ARW ENGINEERS,
CODE CONSULTANTS, INC.,
COLVIN ENGINEERING ASSOCIATES, INC.,
and SPECTRUM ENGINEERS, INC.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for monetary relief brought by plaintiff CTGW, LLC for professional negligence and breach of contract against defendants GSBS, PC, ARW Engineers, Code Consultants, Inc., Colvin Engineering Associates, Inc. and Spectrum Engineers, Inc.  Plaintiff alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are completely diverse and the matter in controversy exceeds $75,000.  However, this court has an independent obligation to insure that diversity jurisdiction exists.  <u>Arbaugh v. Y & H Corporation</u>, 546 U.S. 500, 501 (2006); <u>Tylka v. Gerber Products Company</u>, 211 F.3d 445, 447-48 (7th Cir. 2000) (federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal

1

jurisdiction"). My review of plaintiff's amended complaint indicates that plaintiff has not made an adequate allegation of diversity under § 1332.

First, plaintiff has not established its own citizenship adequately. The citizenship of a limited liability company is determined by the citizenship of its members. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"); Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir. 2006); 15 Moore's Federal Practice, § 102.57[8] at 102-140.2-141 (2008). The amended complaint states that plaintiff is a Delaware limited liability company with offices in Madison, Wisconsin, and that it has two members. One member is the Confederated Tribes of the Chehalis Reservation, a federally recognized Indian Tribe, and the other member is Great Wolf Lodge of Chehalis, LLC. However, plaintiff has not identified the members of the Great Wolf Lodge of Chehalis, LLC or the citizenship of those members.

Second, plaintiff has not identified the citizenship of the defendant corporations properly. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). For each defendant, plaintiff identifies the state of incorporation and a city in which the defendants have offices. Plaintiff must identify the location of each defendant's

2

principal place of business, not just where the defendants have offices. I note that the president of defendant Spectrum Engineers, Inc. filed an affidavit, dkt. #50, in which he avers that Spectrum is a Utah corporation with its principal place of business in Salt Lake City, Utah. This is sufficient to establish the citizenship of defendant Spectrum. However, plaintiff must establish the citizenship of the other four defendant corporations.

Although I suspect that plaintiff will be able to establish diversity of the parties, it would be a waste of limited judicial resources to proceed further in a case in which jurisdiction may not be present. Plaintiff may have ten days in which to produce facts verifying the diversity of citizenship between plaintiff and defendants. Plaintiff is reminded that, to the extent any member of a limited liability company is an individual person, it is the citizenship, not the residency, of individual persons that matters for diversity jurisdiction purposes. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002); see also Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994).

ORDER

It is ORDERED that plaintiff CTGW, LLC may have until July 8, 2010 in which to provide this court with verification of the diversity of citizenship between itself and

3

defendants GSBS, PC, ARW Engineers, Code Consultants, Inc., Colvin Engineering Associates, Inc. and Spectrum Engineers, Inc.  Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction.

Entered this 28th day of June, 2010.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge