IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CTGW, LLC,                                                    OPINION and ORDER

                         Plaintiff,                              09-cv-667-bbc

              v.

GSBS, PC, COLVIN ENGINEERING
ASSOCIATES, INC., and
SPECTRUM ENGINEERS, INC.,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil action for monetary relief brought by plaintiff CTGW, LLC against

defendants GSBS, PC, Colvin Engineering Associates, Inc. and Spectrum Engineers, Inc.

arises out of a dispute regarding the design and construction of Great Wolf Lodge resort and

water park in Grand Mound, Washington.  Plaintiff alleges that this court has subject matter

jurisdiction under 28 U.S.C. § 1332(a)(1), which applies to actions in which the plaintiff

and the defendants are "citizens of different States" and the amount in controversy is more

than $75,000.  Plaintiff alleges that the parties are completely diverse and the matter in

controversy exceeds $75,000.  However, I conclude that because one of the members of

plaintiff CTGW, LLC is an Indian tribe, diversity is destroyed.  Therefore, I am dismissing

1

this case for lack of subject matter jurisdiction.

DISCUSSION

On June 28, 2009, I asked plaintiff to provide this court verification of the diversity of citizenship between itself and defendants.  Plaintiff has responded, saying that it is a Delaware limited liability company, whose members are Great Wolf Lodge of Chehalis, LLC, a Delaware limited liability company, and the Confederated Tribes of the Chehalis Reservation, a federally recognized Indian tribe.  The sole member of Great Wolf Lodge of Chehalis is GWR Operating Partnership, LLLP, a Delaware limited liability partnership. The limited partner of GWR LLLP is Great Wolf Resorts, Inc., a Delaware corporation with its principal place of business in Madison, Wisconsin.  The general partner of GWR LLLP is GWR OP General Partner, LLC.  The sole member of GWR OP LLC is Great Wolf Resorts, Inc.  Defendants GSBS, PC, Colvin Engineering Associates, Inc. and Spectrum Engineers, Inc. are Utah corporations with their principal places of businesses in Utah.

If the Confederated Tribes of the Chehalis Reservation is excluded from the analysis, then plaintiffs and defendants have diverse citizenship.  However, because the Tribe is a member of plaintiff CTGW LLC, its citizenship matters for the purposes of establishing diversity jurisdiction.  Hukic v. Aurora Loan Services, 588 F.3d 420, 427 (7th Cir. 2009) ("[F]or diversity jurisdiction purposes, the citizenship of a limited liability company is the

2

citizenship of each of its members."); Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) (same).

Section 1332 does not tell courts how to determine the citizenship of a tribe and the Court of Appeals for the Seventh Circuit has not addressed the issue.  However, the majority of courts to consider the issue have concluded that a tribe is not a citizen of *any* state.  E.g., Cook v. AVI Casino Enterprises, Inc., 548 F.3d 718, 722 (9th Cir. 2008) ("An Indian tribe or an unincorporated arm of a tribe is not a citizen of any state."); Ninigret Development Corp. v. Narragansett Indian Wetuomuck Housing Authority, 207 F.3d 21, 27 (1st Cir. 2000) ("An Indian tribe . . . is not considered to be a citizen of any state"); Romanella v. Hayward, 114 F.3d 15, 16 (2d Cir. 1997) (per curiam) ("[A]n Indian tribe is not a citizen of any state"); Gaines v. Ski Apache, 8 F.3d 726, 729 (10th Cir. 1993) (same); Standing Rock Sioux Indian Tribe v. Dorgan, 505 F.2d 1135, 1140 (8th Cir. 1974) (same); Barker-Hatch v. Viejas Group Baron Long Capitan Grande Band of Digueno Mission Indians, 83 F. Supp. 2d 1155, 1156-57 (S.D. Cal. 2000) (same); Abdo v. Fort Randall Casino, 957 F. Supp. 1111, 1112 (D.S.D. 1997) (same).

Against this weight of authority, a couple of district courts have decided otherwise. E.g., Warn v. Eastern Band of Cherokee Indians, 858 F. Supp. 524, 526 (W.D.N.C.1994) (holding that the court had diversity jurisdiction over breach of contract claim by non-Indian against tribe and tribal council members); Tribal Smokeshop, Inc. v.

3

Alabama-Coushatta Tribes of Texas, 72 F. Supp. 2d 717, 718 n. 1 (E.D. Tex. 1999) (stating that Indian tribes are deemed to be citizens of state in which they are located for purpose of diversity jurisdiction).

I agree with the majority of courts that have decided this issue and conclude that Indian tribes are not citizens of any state for the purpose of diversity jurisdiction. This rule is supported by the status of Indian tribes as domestic sovereigns. Altheimer & Gray v. Sioux Manufacturing Corp., 983 F.2d 803, 812 (7th Cir. 1993) ("Indian tribes are considered 'domestic dependent nations' which exercise inherent sovereign authority over their members and territories.") (citations omitted). Tribes "retain[ ] their original natural rights" as "aboriginal entit[ies] antedating the federal [and state] government[s]," Romanella, 114 F.3d at 16 (quoting Worcester v. Georgia, 31 U.S. 515, 559 (1832)). It is well established that other domestic sovereigns, such as the states, are not citizens of any state for purposes of diversity jurisdiction. Indiana Port Commission v. Bethlehem Steel Corp., 702 F.2d 107, 109 (7th Cir. 1983). The majority of courts addressing the question of tribal citizenship reason that tribes, as domestic sovereigns, should be treated like states, which are not "citizens" for purpose of diversity jurisdiction. As the Court of Appeals for the Ninth Circuit explained,

> The status of Indian tribes as sovereign entities, and as federal dependents, contradicts conventional notions of citizenship in general and *state* citizenship in particular. A citizen is '[a] person who . . . is a member of a political

4

> community, owing allegiance to the community and being entitled to enjoy all
> its civil rights and protections . . . .' Tribes fall outside this definition. Rather
> than belonging to state political communities, they themselves are 'distinct,
> independent political communities.' Tribes also owe no allegiance to a state
> . . . Moreover, tribal sovereignty and federal plenary power over Indian affairs,
> taken together, sharply circumscribe the power of the states to impose
> citizen-like responsibilities on Indian tribes.

American Vantage Companies, Inc. v. Table Mountain Rancheria, 292 F.3d 1091, 1096 (9th

Cir. 2002) (internal citations omitted).

If an Indian tribe is not a citizen of a state, the next question is whether the presence

of a "stateless" entity destroys diversity jurisdiction. The answer is yes. A court does not

have diversity jurisdiction over a case in which a real party in interest is not a citizen of any

state. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829-30 (1989) (calling

stateless person "jurisdictional spoiler"); see also Buchel-Ruegsegger v. Buchel, 576 F.3d 451,

455 (7th Cir. 2009) (no diversity under § 1332(a)(1) if party is not citizen of any state);

Frey v. EPA, 270 F.3d 1129, 1137 (7th Cir. 2001) (presence of EPA in suit destroyed

diversity jurisdiction because "federal government [] is not a 'citizen of a state'"); American

National Bank & Trust Co. of Chicago v. Secretary of Housing & Urban Development of

Washington D.C., 946 F.2d 1286, 1291 (7th Cir. 1991) (United States is not citizen of any

state for diversity  purposes, and agencies of the United States cannot be sued in diversity);

General Railway Signal Co. v. Corcoran, 921 F.2d 700, 705 n. 3 (7th Cir. 1991). It follows

that, notwithstanding the presence of other diverse parties in a case, the presence of an

Indian tribe that is a real party in interest destroys complete diversity.  Ninigret Development Corp., 207 F.3d at 27 (presence of Indian tribe in lawsuit destroys diversity); Romanella, 114 F.3d at 16 (same); Frazier v. Brophy, 358 Fed. Appx. 212, 213 (2d Cir. 2009) (same) (unpublished); Calumet Gaming Group-Kansas, Inc. v. Kickapoo Tribe of Kansas, 987 F. Supp. 1321, 1324-25 (D. Kan. 1997) (holding that court lacked diversity jurisdiction over gaming consultant's state law claims against Indian tribe for breach of consulting agreement and default on loan).

It makes no difference that the Indian tribe in this case is only a member of plaintiff CTGW, LLC, and not a named party.  The citizenship of a limited liability company or partnership is the citizenship of each of its members or partners.  Hukic, 588 F.3d at 427. If one member of a limited liability company is "stateless," the limited liability company itself is stateless and jurisdiction cannot be premised on § 1332(a).  E.g., ISI International, Inc. v. Borden Ladner Gervais LLP, 316 F.3d 731, 733 (7th Cir. 2003) ("One of [defendant law firm]'s partners is a U.S. citizen domiciled in Canada; she has no state citizenship, so the diversity jurisdiction is unavailable."); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 184 (3d Cir. 2008) (holding that diversity jurisdiction did not lie where one partner was United States citizen living abroad because such persons are neither citizens of state nor citizens or subjects of foreign state for purposes of diversity jurisdiction); Herrick Co., Inc. v. SCS Communications, Inc., 251 F.3d 315, 322 (2d Cir. 2001) (same); Cresswell v. Sullivan &

6

Cromwell, 922 F.2d 60, 68 (2d Cir.1990) (same); Gladys McCoy Apartments, Ltd.
Partnership v. State Farm Fire & Cas. Co., 2010 WL 1838941, *5 (D. Or. Mar. 30, 2010)
(holding that presence of federally chartered corporation, which is not citizen of any state,
as one of several partners in limited partnership destroys diversity jurisdiction); see also
Morgan, Lewis & Bockius LLP v. City of East Chicago, 2008 WL 4812658, *2 (N.D. Ill.
Oct. 29, 2008); Thompson v. Deloitte & Touche LLP, 503 F. Supp. 2d 1118, 1123-25 (S.D.
Iowa 2007).

The presence of the Confederated Tribes of the Chehalis Reservation in this case
destroys diversity jurisdiction.  Because there is no other basis for asserting jurisdiction over
plaintiff's state law claims, this case must be dismissed for lack of subject matter jurisdiction.


ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.
Entered this 12th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7